UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>                Petitioner,<br><br>v.<br><br>TOM CARTER, Twin Falls County Sheriff; and TWIN FALLS COUNTY ADULT DETENTION FACILITY,<br><br>                Respondent. | Case No. 1:24-cv-00227-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Joshwa Aaron Wintrode, a former inmate in the Twin Falls County Jail, has filed a Petition for Writ of Habeas Corpus. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

REVIEW OF PETITION

**1.**  **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also Pinson v. Carvajal*, 69 F.4th

1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions.'") (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)).

2. **Discussion**

The instant Petition does not challenge a criminal conviction or sentence. Instead, it asserts that Petitioner was deprived of adequate medical treatment when he was confined in the Twin Falls County Jail.

These claims are not cognizable—meaning that they cannot be asserted—in a federal habeas corpus action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, an inmate's conditions of confinement. *Badea*, 931 F.2d at 574. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Here, Petitioner asserts that the conditions of his confinement in the Twin Falls County Jail were unconstitutional because he received inadequate medical care. The remedy for this alleged violation would not be an immediate or speedier release from

confinement, *see Preiser*, 411 U.S. at 500, but instead an award of damages or an order requiring the cessation of unconstitutional activities. Therefore, Petitioner's claims are not cognizable in a federal habeas corpus case.

When a habeas petition fairly can be read as asserting a claim under 42 U.S.C. § 1983, a court may construe the petition as a civil rights complaint. *Nettles*, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (internal quotation marks omitted). Conversion in this manner is not required, however. *Pinson v. Carvajal*, 69 F.4th 1059, 1075–76 (9th Cir. 2023).

The Court declines to construe the instant Petition as a civil rights complaint because Petitioner already has several cases pending that allege inadequate medical treatment at the Twin Falls County Jail. *See, e.g., Wintrode v. Stoutin*, No. 1:24-cv-00158-AKB (D. Idaho, filed March 26, 2024); *Wintrode v. Twin Falls County Jail Administrators*, No. 1:24-cv-00168-DCN (D. Idaho, filed April 3, 2024); *Wintrode v. Twin Falls County Jail Administration*, No. 1:24-cv-00171-BLW (D. Idaho, filed April 3, 2024); *Wintrode v. Hogan*, No. 1:24-cv-00176-AKB (D. Idaho, filed April 3, 2024). There is little reason for Petitioner to reassert the very same claims in a new civil rights case.

For the foregoing reasons, Petitioner's habeas claims are subject to summary dismissal as noncognizable.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice as noncognizable.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 10, 2024

_____
David C. Nye
Chief U.S. District Court Judge